UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL R. SHOLTY,<br><br>    Plaintiff,<br><br>v.<br><br>FRONTLINE ASSET STRATEGIES, LLC,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO.   1:18-cv-01314<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MICHAEL R. SHOLTY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FRONTLINE ASSET STRATEGIES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Central District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

1

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Bloomington, Illinois, which is located within the Central District of Illinois.

5. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6. Defendant provides third party collection services. Defendant is a limited company organized under the laws of the state of Minnesota with its registered agent located at 1010 Dale Street North, St. Paul, Minnesota. Defendant regularly collects upon consumers located in the State of Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In the summer of 2018, Plaintiff began receiving calls to his cellular phone, (309) XXX-7916, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7916. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (877) 258-1590 and (815) 401-9365.

12. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

13. On answered calls from Defendant, Plaintiff experiences a noticeable pause, lasting several seconds in length, before a live representative begins to speak.

14. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon an outstanding debt ("subject debt") said to be owed by Plaintiff.

15. Plaintiff informed Defendant that he was unable to make payment and to stop calling him.

16. Notwithstanding Plaintiff's demand, Defendant has continued to call Plaintiff's cellular phone up through the filing of this action.

17. Plaintiff has received not less than 15 phone calls from Defendant since asking it to stop calling.

18. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies excessive collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the ACA, an association of debt collectors, since 2008.[1]

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.    **Violations of the FDCPA §1692c(a)(1) and §1692d**

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated §1692c(a)(1), d and d(5) when it repeatedly called Plaintiff after being notified to stop. This behavior of systematically calling Plaintiff's phone on a frequent basis in spite of his demands was harassing and abusive. The frequency, volume and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

28. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

29. Defendant further violated § 1692d by repeatedly contacting Plaintiff knowing that Plaintiff was going through financial hardships and could not address the subject debt. Armed with this information, Defendant nevertheless continued relentlessly contacting Plaintiff in an attempt

---

[1] http://www.acainternational.org/search#memberdirectory

4

to collect the subject debt. A consumer in Plaintiff's financial situation would undoubtedly find such conduct harassing, oppressive, and abusive.

    b.  **Violations of the FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

32. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting him, Defendant continued to place automated calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

    c.  **Violations of FDCPA § 1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

35. As pled in paragraphs 17 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MICHAEL R. SHOLTY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

38. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

39. Defendant violated the TCPA by placing at least 15 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to the originator of the subject debt, which Defendant will likely assert transferred down, was explicitly revoked by Plaintiff's demands that Defendant cease calling his cellular phone.

40. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

41. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MICHAEL R. SHOLTY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 29, 2018                    Respectfully submitted,

                                          s/ Nathan C. Volheim
                                          Nathan C. Volheim, Esq. #6302103
                                          Counsel for Plaintiff
                                          Admitted in the Central District of Illinois
                                          Sulaiman Law Group, Ltd.
                                          2500 South Highland Ave., Suite 200
                                          Lombard, Illinois 60148
                                          (630) 568-3056 (phone)

7

(630) 575-8188 (fax)

1:18-cv-01314-MMM-JEH # 1 Page 8 of 8